Right Aid Medical Supply Corp., as Assignee of Marie, Alexandre, Appellant,
against
State Farm Mutual Automobile Ins. Co., Respondent. 




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Richard T. Lau & Associates (Martin Dolitsky of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Richard J. Montelione, J.), entered March 21, 2016. The judgment, after a nonjury trial, dismissed the complaint.




ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for a new trial on the issue of whether the requested verification remains outstanding.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that the action was premature. By order entered November 19, 2014, the Civil Court found that defendant had established that it had timely requested additional verification, and held, in effect pursuant to CPLR 3212 (g), that the only issue for trial was whether plaintiff had provided the requested verification to defendant. At a nonjury trial held on February 26, 2016, the Civil Court noted that the only issue to be determined was whether plaintiff had provided the requested verification, stated that the burden was on plaintiff, and directed plaintiff to call its first witness. Plaintiff did not call any witnesses, arguing that the burden was on defendant to first establish that it had not received the requested verification. With no testimony having been presented, the Civil Court found for defendant on the ground that plaintiff had failed to demonstrate that it had provided the requested verification. Plaintiff appeals from a judgment entered March 21, 2016, dismissing the complaint. 
For the reasons stated in Island Life Chiropractic, P.C. v Travelers Ins. Co. (___ Misc 3d ___, 2019 NY Slip Op 51273[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]), the judgment is reversed and the matter is remitted to the Civil Court for a new trial on the issue of whether the requested verification remains outstanding.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 23, 2019